IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Andrea Pruitt, ) | Case No. 6:24-cv-00582-JDA | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | **OPINION AND ORDER** | |
| Rebekah Carpenter, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |
| ) | | |
| ) | | |

This matter is before the Court on a pro se Complaint filed by Plaintiff Andrea Pruitt. [Doc. 1.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings. On March 21, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the action be dismissed without prejudice, without leave to amend, and without issuance and service of process. [Doc. 17.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. [*Id.* at 6.] Plaintiff then filed objections to the Report. [Doc. 20.] In the objections, Plaintiff largely restates the factual basis for her claim without addressing the Magistrate Judge's legal analysis, including the deficiencies the Magistrate Judge identified in the Complaint. [*Id.*]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Magistrate Judge appropriately summarized the allegations in this case:

> [Plaintiff] contends that the Greenville County Family Court has violated her rights by illegally terminating her parental rights and giving custody of her three minor children to [Defendant]. [Plaintiff] contends that she complied with the requirements for regaining custody of her children, but her rights were terminated anyway. [Plaintiff] contends that she filed a motion for reconsideration in the family court in December 2021, filed a habeas petition in the state court, as well as filed in the South Carolina Court of Appeals and the South Carolina Supreme Court. [Plaintiff's] first ground for relief is miscarriage of justice based on the violation of her liberties. The second ground for relief is that best practice regulations were not followed. [Plaintiff] contends that her appointed attorney during the proceedings was not properly representing [Plaintiff's] interests and that a lie was presented to the court that [Plaintiff] wanted to voluntarily give up her rights to her children. For relief, [Plaintiff] seeks the return of her three minor children.

[Doc. 17 at 1–2 (internal citations omitted).]

The Magistrate Judge noted that although Plaintiff purported to bring this case pursuant to 28 U.S.C. § 2241, United States district courts have jurisdiction to entertain petitions for writs of habeas corpus from individuals who are "in custody" in violation of the Constitution or laws or treaties of the United States. [*Id.* at 3.] Because Plaintiff did

2

not provide allegations that she was in custody, the Magistrate Judge construed her pleading as a non-habeas complaint seeking injunctive relief. [*Id.*]  However, the Magistrate Judge concluded that even construed as a non-habeas complaint seeking injunctive relief, the Complaint is still subject to summary dismissal pursuant to the *Rooker-Feldman* doctrine. [*Id.* at 3–4 (citing *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)).]  Specifically, the Magistrate Judge concluded that "because [Plaintiff] seeks an order from this court vacating an order entered in the Greenville County Family Court, the instant action is subject to summary dismissal for lack of subject matter jurisdiction because of the *Rooker-Feldman* doctrine." [*Id.* at 4.]

It is difficult to discern Plaintiff's exact objections to the Report.  However, to the extent that Plaintiff argues that the Magistrate Judge erred because either Plaintiff does in fact allege she is in custody, the Court possesses jurisdiction to entertain a habeas petition even if she does not allege she is in custody, or the *Rooker-Feldman* doctrine does not justify dismissal of the Complaint, the Court overrules her objections based on the reasoning of the Magistrate Judge.  Additionally, the Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error.  Having done so, the Court accepts the Report and Recommendation and incorporates it by reference, and the action is DISMISSED without prejudice and without issuance and service of process.

    IT IS SO ORDERED.

                                                s/ Jacquelyn D. Austin
                                                United States District Judge

May 7, 2024
Columbia, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.